JOHN A. MORRIS AND THE NEW YORK JOCKEY CLUB, RESPONDENTS, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK AND OTHERS, APPELLANTS.

*Eminent domain — chap. 522 of 1884 — provision in an order of confirmation requiring the owner to convey, is illegal, but does not destroy the effect of the confirmation — improper appointment of a commissioner to act, how waived.*

In a proceeding for the condemnation of land by the city of New York, under chapter 522 of the Laws of 1884, for a public park-way, it was objected by the owners of the land that such proceedings were irregular and void by reason of an illegal provision in the order of confirmation of the award of the commissioners, requiring the execution of a deed by the owners of the premises to the city of New York upon the payment of the award, and also by reason of an alleged incapacity on the part of one of the commissioners.

*Held,* that, conceding that the provision in the order of confirmation, requiring the execution of the deed, was unauthorized and unwarranted, yet, as it was not made a condition of the payment of the award, it did not render the order void as an order of confirmation.

That such direction or provision was subject to correction, upon motion or by appeal, but the main and proper purpose and effect of the order, as one of confirmation simply of the report, remained unaffected by this provision, with all the lawful results which flowed from the fact of confirmation.

That an objection that one of the commissioners had been appointed *ex parte,* and that such appointment was a nullity, could not be raised after the report of the commissioners had been confirmed by a competent tribunal.

APPEAL by the defendant from an order, entered in the office of the clerk of the county of Westchester on the 3d day of September, 1889, as resettled by direction of Mr. Justice BARTLETT, whereby it was ordered that the motion to vacate an injunction order theretofore granted in the above-entitled matter by the county judge of Westchester county, under date of August 12, 1889, be denied, and whereby it was further ordered that the motion to vacate the injunction order granted by the county judge of Westchester county, under date of August 19, 1889, be dismissed.

*Thomas P. Wickes,* for the appellants.

*Noah Davis, Henry C. Henderson, Charles E. Coddington* and *Alfred B. Cruikshank,* for the respondents.

BARNARD, P. J.:

This is an appeal by defendants from an order of Special Term of date August 22, 1889, denying defendants' motion to vacate a temporary injunction order made in the action on August 12, 1889, by the county judge of Westchester county, and dismissing the motion to vacate the injunction order granted by said county judge, dated August 19, 1889.

The object of the action and the effect of the injunctions is to enjoin the defendants from entering upon or interfering in any manner with certain premises described in the complaint, originally the property of the plaintiffs, and which the defendants claim to have acquired by virtue of proceedings in behalf of the city of New York, under chapter 522 of the Laws of 1884, for a public park-way.

There is no question made that proceedings were instituted under that act to acquire these lands. Commissioners were appointed, hearings had before them, an award made to the plaintiffs, and the report of the commissioners upon the matter was confirmed by order of the court of date December 12, 1889. And by the provisions of the second section of the act, upon and by reason of the final confirmation of the report, the city of New York became seized in fee of the lands in question, with the right to immediate possession for the use of the public, and the right to the award made by the commissioners for these lands became vested in the plaintiffs; and by the fourth section the defendants became bound, within four months after the confirmation, to pay the award, and on their failure to do so, a right of action to recover the same is conferred upon the plaintiffs.

The title of the defendants under these proceedings, and their right to possession of the premises is clear, unless there is some fatal defect in the proceedings. And it is claimed by the plaintiffs that they are irregular and void by reason of an illegal provision in the order of confirmation, requiring the execution of a deed of the premises to the defendants by the plaintiffs upon the payment of the award, and also by reason of an alleged incapacity of one of the commissioners. It may be conceded that the provision in the order requiring the execution of a deed is unauthorized and unwarranted, but it in no manner operates to render void the order as an order of confirmation.

The improper direction or provision is subject to correction upon motion or by appeal, but the main and proper purpose and effect of the order, as one of confirmation simply ·of the report, remains unaffected by this provision with all the lawful results which flow from the fact of confirmation.   The court had jurisdiction of the subject-matter and of the parties, and was competent to make the order, which in these proceedings is held to be of the nature of a judgment, and it would be an anomaly to hold that the whole judgment or order was nullified by reason of the insertion of this provision.

The order does not purport to make the giving of the deed a condition for the payment of the award.   It first confirms the report of the commissioners ; by a later clause directs that the sums awarded to the various owners shall be paid to them within four months after the entry of the order of confirmation ; and then, in a later and independent clause, provides that whenever the awards are paid to the owner, he shall execute a deed of the premises.

As to the objection based upon the alleged incapacity of one of the commissioners, it was, for the purpose of deciding upon a similar objection in *Astor* v. *Mayor, etc.* (62 N. Y., 588), stated that the objection was that one of the commissioners had no jurisdiction to act, his appointment being *ex parte* and a nullity ; and the court say that, "without, however, discussing the question as to the legality of the appointment of this commissioner, it is sufficient to say that it is too late to raise the question after the report of the commissioners has been confirmed by a competent tribunal."   And we must regard that case as decisive upon the question raised in this case as to the competency of the commissioner.   The act of 1884, under which these proceedings were taken, is similar, almost identical, in its provisions to the act of 1813, in reference to streets, etc., in New York, an act which has been before the courts and received judicial construction and approval in repeated instances, and which has stood the test of three-quarters of a century of experience under it, and which, in all its main and essential provisions, must be held to be established as constitutional and valid.   No sufficient reason appears, upon an examination of the objections raised in this matter, for the further interposition of the arm of the court preventing the

defendants from taking possession of the premises which they have acquired for public uses.

The order appealed from should be reversed, and the injunction orders granted in the proceedings vacated and set aside, with costs.

PRATT, J., concurred.

Order refusing application to vacate injunction reversed, with costs and disbursements.