### ELLIS v. MAYOR, ETC., OF THE CITY OF NEW YORK.

*(Supreme Court, General Term, First Department.   October 24, 1890.)*

EMINENT DOMAIN—REMEDIES OF PROPERTY OWNERS.

By Laws N. Y. 1884, c. 522, providing for the appointment of commissioners to estimate the damages to owners of lands taken for Pelham Bay park, on the final confirmation of their report, the title in fee to such lands is to vest in the city of New York, and the city is required, within four months thereafter, to pay the amounts awarded to such owners, in default whereof they may sue for the same. The final order confirming the commissioners' report required such owners to execute to the city, on payment of the awards, quitclaim deeds of their lands. *Held,* that an owner refusing to give such a deed could not sue for the amount awarded to him; the requirement was a proper one, and, if erroneous, the remedy was by appeal from the order.

Appeal from circuit court, New York county.

Action by Julia L. Ellis against the mayor, aldermen, and commonalty of the city of New York, to recover the amounts awarded to plaintiff as damages

for the taking of her lands for Pelham Bay park for the use of that city. Laws N. Y. 1884, c. 522, under which the lands were so taken, provided by section 2, that, on the final confirmation of the report of the commissioners appointed to estimate such damages, the city "shall become and be seized in fee of all the said lands laid out for the said park and parkways;" and, by section 4, that the city "shall within four calendar months after the confirmation of the said report, pay to the parties entitled thereto, the respective sum or sums so estimated and reported in their favor respectively, and in default thereof said persons or parties respectively, his, her, or their respective heirs, executors, administrators, successors or assigns, may sue for and recover the same." A demurrer by plaintiff to a defense in the answer was, on hearing, overruled; and, on trial of the issues of fact, the complaint was dismissed. From the judgment dismissing the complaint, and from the interlocutory judgment overruling the demurrer, plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*John Berry,* for appellant. *William H. Clarke,* Corp. Counsel, for respondent.

DANIELS, J. The action was brought to recover the amount of awards made to the plaintiff by the commissioners of estimate, appointed and acting under chapter 522 of Laws of 1884, for lands owned by her, and included within the bounds of Pelham Bay park. When the report of the commissioners was confirmed, it was further directed by the court confirming it as follows: "And it is hereby further ordered that, whenever the awards are paid to the owner or owners, person or persons, adjudged by said report to be entitled thereto, except where the owner or owners, person or persons, interested therein shall be under the age of 21 years, *non compos mentis,* or otherwise legally disqualified or incapable to execute a conveyance, the said owner or owners, person or persons, interested therein shall execute and deliver to the mayor, aldermen, and commonalty of the city of New York a quitclaim deed or deeds of his or her said lands and premises so taken in this proceeding; said deeds to be drawn by the counsel to the corporation." The plaintiff declined to comply with this order of the court, and she applied by motion to strike it out. But that was refused, "for the reason that if any such rights as claimed by said Julia L. Ellis remain after condemnation of the lands for the new parks in the proceeding; the valuations are excessive, and the award should be sent back for revision, and the moving party should not be paid the full value of her fee in her lands condemned, and at the same time be permitted to refuse to give quitclaim deed or deeds thereof to the city; and it is further ordered that, if the said Julia L. Ellis prefers to have the said report sent back for revision as to the award made to her rather than to give the quitclaim deed required by the said order of the 12th of December, 1888, upon two days' notice to the counsel to the corporation she may move for such an order." And no further action was taken in her behalf, beyond the fact of demanding payment of the awards prior to the commencement of this action for their recovery; and the complaint was dismissed, as her demurrer had previously been overruled, because of her refusal to comply with the order in controversy or to accept the modification finally made as the result of her motion to vacate it.

The law under which the plaintiff's land has been taken has provided for vesting the title in the city on the confirmation of the final report of the commissioners, and for the payment of the sums estimated and reported by the commissioners, to the parties respectively entitled thereto, within four months after the confirmation of the report. But neither this law nor either of the authorities cited to support the appeals have forbidden the further requirement added to the order of confirmation, in this instance. The object the proceedings were designed to secure was the acquisition of a complete

title to the property, by the city of New York, and this order was no more than a salutary precaution adopted for that end. It imposed no hardship upon, and in no way tended to prejudice the rights of, the claimants of the money awarded, for all that was exacted was a quitclaim deed; and such a deed would do no more than avoid any possible defects or irregularities in the proceedings, and secure to the city a complete record title to the lands. It was neither a hardship nor inconvenience to require its execution and delivery before the payment of the money; and if it was not a wise precaution to demand it, the manner provided for correcting the error is that of an appeal, and not by way of resistance to it in an action to recover the awards. The court had jurisdiction of the subject-matter of the proceeding, and of the parties to it, as all the owners of land taken were; and, in making the order, it acted judicially, and so it did in the consideration afterwards devoted to it, in the decision of the plaintiff's motion to vacate it; and if its power to make the order was intended to be further questioned, it should have been done by an appeal. That was held to be the remedy in *Morris* v. *Mayor, Etc.*, 8 N. Y. Supp. 763, where the order itself was considered to be unwarranted. That remedy the plaintiff declined to pursue, and endeavored to avoid the order collaterally, which can only be successful when there is a complete absence of jurisdiction, either of the party or the subject-matter, or both. The interlocutory judgment overruling the demurrer, and the judgment finally dismissing the complaint, seem to have been right, and they should be affirmed.

All concur.